# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HAZEM K. MAHMOOD,
SABED M. HUSSEIN, and
ABDULREDHA H. JASEM,

    Plaintiffs,

v.

DISTRICT DIRECTOR, USCIS DETROIT,
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
U.S. ATTORNEY GENERAL, and
FEDERAL BUREAU OF INVESTIGATION,

    Defendants.
_____/

Case No. 07-12766

HONORABLE DENISE PAGE HOOD
Magistrate Judge Virginia M. Morgan

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS
## AND
## NOTICE OF STATUS CONFERENCE

**I.     INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss, or in the alternative, To Sever and Dismiss All Except The Lead Plaintiff, and Remand (Dkt. #9, filed on September 18, 2007). Plaintiffs filed a Response on November 16, 2007. Defendant filed a Reply on November 26, 2006. A hearing was held on December 5, 2007.

This matter is also before the Court on Defendants' Motion for Leave to File Supplemental Exhibits in Support of Its Motion to Dismiss (Dkt. #16, filed on January 7, 2008).

**II.    BACKGROUND**

Plaintiffs Hazem K. Mahmood, Sabed M. Hussein, and Abdulredha H. Jasem have submitted applications for naturalization to the United States Citizenship and Immigration Services ("USCIS"). Mahmood filed his application for naturalization, Form N-400, on February 5, 2004, and was interviewed regarding that application on August 16, 2004. Hussein filed his Form N-400 on

December 27, 2005, and was interviewed on May 23, 2006. Jasem filed his Form N-400 on July 8, 2004, and was interviewed on December 3, 2004. Their names were submitted to the FBI for security background checks on February 24, 2004, January 19, 2006, and July 19, 2004, respectively. When Plaintiffs filed the Complaint on July 2, 2007, the USCIS had not yet processed their applications. Since the filing of Defendants' Motion to Dismiss, however, Hussein and Jasem have been naturalized. Mahmood's full security background has not yet been processed.

### III.　STANDARD OF REVIEW

#### A.　Rule 12(b)(1) Motion to Dismiss

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) where the court lacks subject matter jurisdiction over a plaintiff's claim. Fed. R. Civ. P. 12(b)(1). If a Rule 12(b)(1) motion challenges the court's subject matter jurisdiction based on the sufficiency of the pleadings' allegations, the motion is a facial attack. *United States v. Richie*, 15 F.3d 595, 598 (6th Cir. 1994). In reviewing a Rule 12(b)(1) facial attack, the court must accept all material allegations as true and construe them in a light most favorable to the non-moving party. *Id.* Courts should review 12(b)(1) challenges before others. *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988).

#### B.　Motion to Sever

Federal Rule of Civil Procedure 20(a) has a two prong test for permissive joinder of plaintiffs in a single action: "(1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). If the plaintiffs do not satisfy both prongs of the test, "the district court may sever

the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance." *Id.* (citing Fed. R. Civ. P. 21). The decision to sever lies within the Court's sound discretion. *Id*

## IV. APPLICABLE LAW & ANALYSIS

### A. Jurisdiction

The Government asserts that the Court lacks jurisdiction over this case. Plaintiffs disagree. To determine if the Court has jurisdiction over this matter, it is necessary to determine the meaning of "examination" under 8 U.S.C. §1447(b). Specifically, the Court must determine whether Plaintiffs' August 16, 2004, May 23, 2006, and December 3, 2004 "interviews" commenced the running of the 120 day period within which the USCIS had to make a determination upon Plaintiffs' naturalization applications. If those interviews did commence the running of the 120 day period, the Court has exclusive jurisdiction over Plaintiffs' applications. *See* 8 U.S.C. § 1447(b).

Before a person may be naturalized, an "examination" must be conducted to determine the applicant's admissibility for naturalization pursuant to 8 U.S.C. § 1446. If the USCIS fails to make a determination within 120 days after this "examination," 8 U.S.C. §1447(b) permits judicial review of the application. The statute states, in pertinent part:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the *examination* is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter. *Id*. (emphasis added).

In the Complaint, Plaintiffs contend that each of their August 16, 2004, May 23, 2006, and December 3, 2004 "interviews" constituted the §1447(b) "examination," and that 120 days have passed without a determination by USCIS. Defendants argue that the §1447(b) "examination" is not a single event, but a process that includes all relevant information including the applicant's interview

and a complete FBI background check. Because Plaintiffs' background checks have not been resolved, the 120 day period has not expired, and this Court lacks subject matter jurisdiction to hear this matter.

This is an issue of first impression in the Sixth Circuit. However, many district courts, including this Court, have discussed the issue. The majority of courts addressing the issue have construed the term "examination" under §1447(b) to mean the agency's initial interview of the applicant for naturalization. *See Adbel-Karim v. Gonzales*, 2007 U.S. Dist. LEXIS 31407, at *11 (E.D. Mich. Apr. 30, 2007) (citing a plethora of cases).

Defendant relies on *Danilov v. Aguirre*, 370 F. Supp. 2d 441, 443 (E.D. Va. 2005), to support the argument that the §1447(b) "examination" is not a single event, but instead a process the agency follows to gather information concerning the applicant. However, the *Danilov* court ignored the plain text of §1447(b), as well as its implementing regulations. *See El-Daour v. Chertoff*, 2005 U.S. Dist. LEXIS 18325 (W.D. Pa. 2005). The language of the statute, "[i]f there is a failure to make a determination ... before the end of the 120-day period after the *date* on which the examination is *conducted* ...," suggests "that the *examination* occurs on a particular, identifiable, date," whereas "[a] 'process' does not occur on one particular and identifiable date." *El-Daour*, 2005 U.S. Dist. LEXIS 18325, at *7-8. The *Danilov* court also mischaracterized 8 C.F.R. §335.2 in holding that the regulation requires the FBI to "complete a criminal background investigation of an applicant *before* the examination may be completed" and characterized this investigation "as part of the examination process." *Danilov*, 370 F. Supp. 2d at 444 (emphasis in original). The actual language of 8 C.F.R. §335.2 states:

> (b) Completion of criminal background checks *before* examination. The Service will notify applicants for naturalization to appear before a Service officer for *initial*

4

> *examination* on the naturalization application *only after* the Service has received a definitive response from the Federal Bureau of Investigation that a *full criminal background check* of an applicant has been *completed*. A definitive response that a full criminal background check on an applicant has been completed includes . . .

*Id*. (emphasis added). The language expressly states that the required "examination" is not to take place until after completion of the FBI background check. The "examination" cannot then be a "process" including the interview and background check of the applicant, since the "examination" of the applicant is not to take place until the USCIS receives a "definitive response" from the FBI that the background check is complete.

Other regulations show that the 120 day period was meant to begin running on the date of the "interview." For instance, if deficiencies in an application are discovered during an "examination," the USCIS may reschedule one reexamination under timing constraints pursuant to 8 C.F.R. § 335.3(b), which states that, "[t]he reexamination on the continued case shall be scheduled within the 120-day period after the initial examination . . ." 8 C.F.R. § 335.3(b). This regulation must be read in connection with 8 C.F.R. § 312.5(b), which states:

> Before an applicant may request a postponement of the second examination to a date that is more than 90 days after the initial examination, the applicant must agree in writing to *waive the requirement* under section 336 of the Act *that the Service must render a determination on the application within 120 days from the initial interview,* and instead to permit the Service to render a decision within 120 days from the second interview.

8 C.F.R. § 335.3(b) (emphasis added). *See also Angel v. Ridge*, 2005 U.S. Dist. LEXIS 10667(S.D. Ill. 2005). The *Danilov* court failed to address these regulations in rendering its decision that the "examination" required under §1446 is a "process." If the "examination" is a "process," then the above waiver requirement in §312.5(b) would be unnecessary.

Lastly, the definition of "examination" in §1447(b) urged by Defendant is contrary to the

5

intention of Congress in passing the Immigration and Nationality Act. "A central purpose of the statute was to reduce the waiting time for naturalization applicants." *Hovespian*, 359 F.3d at 1163. (Quoting H.R. Rep. No. 101-187, at 8 (1989); 135 Cong. Rec. H4539-02, H4542 (1989) (statement of Rep. Morrison). "Congress intended to streamline the process of applying for naturalization and intended to reduce the burdens on courts and the INS." *Id.* (quoting H.R. Rep. No. 101-187, at 8; 135 Cong. Rec. H4539-02, H4543 (statement of Rep. Smith). Also, "[r]epresentatives drafting the statute were concerned with the consistency and fairness of naturalization decisions." *Id.* at 1164. (quoting H.R. Rep. No. 101-187, at 12-13); *see also*, *Zaranska v. U.S. Dep't of Homeland Sec.*, 2005 U.S. Dist. LEXIS 17559 (E.D .N.Y., July 18, 2005) (adopted by *Zaranska v. United States Dep't of Homeland Sec.*, 2005 U.S. Dist. LEXIS 27134 (E.D. N.Y., Nov. 10, 2005).

Based on the above policy considerations, the Ninth Circuit held that "Section 1447(b) allows the district court to obtain exclusive jurisdiction over those naturalization applications on which the INS fails to act within 120 days if the applicant properly invokes the court's authority." *United States v. Hovsepian*, 359, F.3d 1144, 1164 (9th Cir. 2004). Here, the USCIS failed to act within 120 days of Plaintiffs' interviews. The Court therefore concludes that it has jurisdiction to hear this matter.

### B. Severance

At the hearing, Plaintiffs' counsel informed the Court that Hussein and Jasem have been naturalized since the filing of the Complaint. For this reason, Defendants' Motion to Sever is moot and will not be addressed.

### C. Remand

The Government argues in the alternative that this Court should remand the matter back to

USCIS for adjudication once the agency has collected all necessary and relevant information. However, other than asserting that the USCIS is in the best position to process naturalization applications, the Government does not adequately support its argument. For instance, the Government fails to offer reasons for the delay with Mahmood's application or assurances that the remaining portions of Mahmood's application will be processed expeditiously. In the Declaration of Douglass S. Pierce, which was submitted with Defendant's Motion for Leave, the Government indicates that the USCIS received Mahmood's initial FBI results on December 6, 2007,[1] but that the USCIS did not forward the FBI results to the Detroit USCIS until December 31, 2007. (Decl. ¶ 4-5.) Neither the Declaration nor the Government's Motion for Leave explain this 24-day delay in transferring this critical information from one USCIS office to another. Moreover, in the Motion for Leave, the Government reveals that Mahmood's application is no longer being processed. The Government indicates that Mahmood's fingerprint card has expired and that his application cannot be further processed until a new fingerprint card is received. (Dkt. #16-4.) Mahmood's scheduled fingerprinting date is January 15, 2008. (*Id.*)

"Section 1447(b) allows the district court to obtain exclusive jurisdiction over those naturalization applications on which the INS [now USCIS] fails to act within 120 days if the applicant properly invokes the court's authority." *Hovsepian*, 359 F.3d at 1164. Under the facts of this case, the Court holds that permitting the USCIS to retain jurisdiction of this case – with no explanation of its delays of Mahmood's application, both past and present – would frustrate Congress' intent to require the USCIS to make a naturalization determination within 120 days of an

---

[1] The Court notes that these FBI results were received just one day after this Court's hearing on the instant motion.

7

applicant's examination. *Id*. at 1163. This Court therefore exercises exclusive jurisdiction of this matter.

**V.    CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss, or in the alternative, To Sever and Dismiss All Except The Lead Plaintiff, and Remand (Dkt. #9, filed on September 18, 2007) is **DENIED**.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Supplemental Exhibits in Support of Its Motion to Dismiss (Dkt. #16, filed on January 7, 2008) is **GRANTED**.

A status conference in this matter shall be held on **Monday, October 27, 2008, at 2:30 p.m.**


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2008, by electronic and/or ordinary mail.

S/Lisa Ware for William F. Lewis
Case Manager